Fill in this information to identify your case:

Debtor 1    Joseph M. Garmon
            First Name      Middle Name      Last Name

Debtor 2
(Spouse, if filing)  First Name  Middle Name  Last Name

United States Bankruptcy Court for the: Middle District of Georgia

Case number    16-70307
(If known)

Official Form 427
# Cover Sheet for Reaffirmation Agreement                                    12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

## Part 1: Explain the Repayment Terms of the Reaffirmation Agreement

**1. Who is the creditor?**   FreedomRoad Financial
                              Name of the creditor

**2. How much is the debt?**
   On the date that the bankruptcy case is filed   $ 5,608.69
   To be paid under the reaffirmation agreement    $ 5,608.69
   $ 239.30 per month for 25 months (if fixed interest rate)

**3. What is the Annual Percentage Rate (APR) of interest?** (See Bankruptcy Code § 524(k)(3)(E).)
   Before the bankruptcy case was filed    7.99 %
   Under the reaffirmation agreement       7.99 %   ☑ Fixed rate
                                                    ☐ Adjustable rate

**4. Does collateral secure the debt?**
   ☐ No
   ☑ Yes. Describe the collateral. 2010 TRIUMPH THUNDERBIRD, VIN SMTB00TL5AJ438749
          Current market value    $ 7,585.00

**5. Does the creditor assert that the debt is nondischargeable?**
   ☑ No
   ☐ Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.

**6. Using information from Schedule I: Your Income** (Official Form 106I) and **Schedule J: Your Expenses** (Official Form 106J), fill in the amounts.

| | Income and expenses reported on Schedules I and J | | Income and expenses stated on the reaffirmation agreement | |
|---|---|---|---|---|
| 6a. Combined monthly income from line 12 of Schedule I | $ 3337.28 | 6e. Monthly income from all sources after payroll deductions | $ 3337.28 |
| 6b. Monthly expenses from line 22c of Schedule J | $ 5407.50 | 6f. Monthly expenses | - $ 3097.98 |
| 6c. Monthly payments on all reaffirmed debts not listed on Schedule J | - $ 0 | 6g. Monthly payments on all reaffirmed debts not included in monthly expenses | - $ 0 |
| 6d. Scheduled net monthly income Subtract lines 6b and 6c from 6a. If the total is less than 0, put the number in brackets. | $ 0 | 6h. Present net monthly income Subtract lines 6f and 6g from 6e. If the total is less than 0, put the number in brackets. | $ 239.30 |

Official Form 427                  Cover Sheet for Reaffirmation Agreement                  page 1

Debtor 1  Joseph M. Garmon
         First Name   Middle Name   Last Name

Case number (if known) 16-70307

7. Are the income amounts on lines 6a and 6e different?
☑ No
☐ Yes. Explain why they are different and complete line 10. _____

8. Are the expense amounts on lines 6b and 6f different?
☐ No
☑ Yes. Explain why they are different and complete line 10. Debtors have disposable income after discharge of unsecured & non-reaffirmed debts.

9. Is the net monthly income in line 6h less than 0?
☑ No
☐ Yes. A presumption of hardship arises (unless the creditor is a credit union). Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10.

10. **Debtor's certification about lines 7-9**

If any answer on lines 7-9 is Yes, the debtor must sign here.

If all the answers on lines 7-9 are No, go to line 11.

I certify that each explanation on lines 7-9 is true and correct.

X _____ (Signature of Debtor 1)   X _____ Signature of Debtor 2 (Spouse Only in a Joint Case)

11. Did an attorney represent the debtor in negotiating the reaffirmation agreement?
☐ No
☑ Yes. Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?
  ☐ No
  ☑ Yes

### Part 2: Sign Here

Whoever fills out this form must sign here.

I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Cover Sheet for Reaffirmation Agreement.

X _____ Signature    Date 05/04/16

Printed Name: ADAM JONES

Check one:
☐ Debtor or Debtor's Attorney
☑ Creditor or Creditor's Attorney

Form 2400A (12/15)

> Check one.
> ☐ Presumption of Undue Hardship
> ☑ No Presumption of Undue Hardship
> *See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT
## Middle District of Georgia

In re  Joseph M. Garmon ,
       *Debtor*

Case No. 16-70307

Chapter 7

## REAFFIRMATION DOCUMENTS

**Name of Creditor:** FreedomRoad Financial

☐ Check this box if Creditor is a Credit Union

### PART I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: Promissory Note & Security Agreement

   *For example, auto loan*

B. **AMOUNT REAFFIRMED**:    $   5,608.69

   The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before _____, which is the date of the Disclosure Statement portion of this form (Part V).

   *See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The **ANNUAL PERCENTAGE RATE** applicable to the Amount Reaffirmed is  7.9900 %.

   *See definition of "Annual Percentage Rate" in Part V, Section C below.*

   This is a *(check one)* ☑ Fixed rate        ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

Form 2400A, Reaffirmation Documents                                                                                 Page 2

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

☐ $_____ per month for _____ months starting on_____.

☑ Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount.

$239.30/mo. until paid in full. Except as modified below, the terms of the attached Promissory Note and Security Agreement are hereby incorporated by reference. This reaffirmation agreement is void if the underlying security agreement is determined to be unenforceable or invalid by the Bankruptcy or other Court of competent jurisdiction.

E. Describe the collateral, if any, securing the debt:

Description:              2010 Triumph Thunderbird....438749
Current Market Value      $            7,585.00

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

☑ Yes. What was the purchase price for the collateral?      $       15,286.92

☐ No. What was the amount of the original loan?      $_____

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due (including fees and costs) | $ 5608.69 | $ 5608.69 |
| Annual Percentage Rate | 7.99 % | 7.99 % |
| Monthly Payment | $ 239.30 | $ 239.30 |

H. ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

PART II.   DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

Check one.   ☑ Yes    ☐ No

B. Is the creditor a credit union?

Check one.   ☐ Yes    ☑ No

Form 2400A, Reaffirmation Documents                                                                              Page 3

C. If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

   1. Your present monthly income and expenses are:

      a. Monthly income from all sources after payroll deductions
      (take-home pay plus any other income)                                              $3337.28

      b. Monthly expenses (including all reaffirmed debts except
      this one)                                                                          $3097.98

      c. Amount available to pay this reaffirmed debt (subtract b. from a.)              $239.30

      d. Amount of monthly payment required for this reaffirmed debt                     $239.30

      *If the monthly payment on this reaffirmed debt (line d.) **is greater than** the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

   2. You believe that this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

      Check one of the two statements below, if applicable:

      [✓] You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

      [ ] You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:




      Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

      [✓] You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

Form 2400A, Reaffirmation Documents                                                                          Page 4

## PART III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1) I agree to reaffirm the debt described above.

(2) Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3) The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4) I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

(5) I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date __5/17/16__   Signature _____
                                          *Debtor*

Date _____   Signature _____
                                          *Joint Debtor, if any*

**Reaffirmation Agreement Terms Accepted by Creditor:**

Creditor __FreedomRoad c/o Capital Recovery__   __1790 E River Rd Ste 101 Tucson, AZ 85718__
             *Print Name*                                              *Address*

__Nichlas P. Spallas__                        _____    __5-24-16__
*Print Name of Representative*                       *Signature*                *Date*

## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date __5-17-16__ Signature of Debtor's Attorney __Shelba D. Sellers__

Print Name of Debtor's Attorney __Shelba D. Sellers__

## PART V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

**Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I above) and these additional important disclosures and instructions.**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

### A.    DISCLOSURE STATEMENT

1. **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation to pay. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2. **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3. **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A ''lien'' is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4. **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required. However, the court may extend the time for filing, even after the 60-day period has ended.

5. **Can you cancel the agreement?** You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

Form 2400A, Reaffirmation Documents                                                                                       Page 6

6. **When will this Reaffirmation Agreement be effective?**

    a. **If you *were* represented by an attorney during the negotiation of your Reaffirmation Agreement and**

    i. **if the creditor is not a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

    ii. **if the creditor is a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court.

    b. **If you *were not* represented by an attorney during the negotiation of your Reaffirmation Agreement**, the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

B. **INSTRUCTIONS**

1. Review these Disclosures and carefully consider your decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 427).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home. You can use Form 2400B to do this.*

Form 2400A, Reaffirmation Documents                                                                                         Page 7

## C. DEFINITIONS

1. **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The total amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above). Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2. **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3. **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

# Georgia Certificate of Title

**DISCLAIMER: DO NOT ACCEPT THIS TITLE WITHOUT THE SECURITY THREAD LOCATED APPROXIMATELY TWO INCHES FROM LEFT EDGE.**

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | TYPE OF BODY | MODEL | CYL | DATE ISSUED |
|---|---|---|---|---|---|---|
| SMTB00TL5AJ438749 | TRIUMPH | 2010 | MOTORCYCLE | THUNDERBIRD | 2 | 05/17/2011 |

| DATE VEHICLE PUR | FUEL | NEW OR USED | ODOMETER | PREVIOUS TITLE NBR/STATE OF ISSUE | NBR OF LIENS | COLOR | CURRENT TITLE NUMBER |
|---|---|---|---|---|---|---|---|
| 02/16/2011 | GASOLINE | NEW | 000008 | | 1 | SIL | 778545111323022 |

**OWNER**

EDITH MARIE GARMON
JOSEPH M GARMON
503 REMINGTON AVE
THOMASVILLE  GA  31792-5634

*ODOMETER READING IS ACTUAL MILEAGE OF THE VEHICLE UNLESS OTHERWISE INDICATED BELOW.

MAIL TO:

FREEDOMROAD FINANCIAL
PO BOX 18218
RENO  NV  89511-0218

**1ST LIEN OR SECURITY INTEREST**

FREEDOMROAD FINANCIAL
PO BOX 18218
RENO  NV  89511-0218

**2ND LIEN OR SECURITY INTEREST**

**3RD LIEN OR SECURITY INTEREST**

The Georgia Department of Revenue issued this title pursuant to the Motor Vehicle Certificate of Title Act and this title is subject to its provisions. The Department certifies that on application duly made, the person named herein is registered as the lawful owner of the vehicle described subject to any liens or security interests set forth and such liens or security interests as may subsequently be filed with the Commissioner.

028441474

**RELEASE OF LIEN OR SECURITY INTEREST**

| | DATE OF RELEASE | SECURITY INTEREST HOLDER | AUTHORIZED AGENT |
|---|---|---|---|
| 1ST LIEN | | | BY |
| 2ND LIEN | | | BY |
| 3RD LIEN | | | BY |

31860864

STATE REVENUE COMMISSIONER

VOID

**T/O REV. 1/08**

THIS **TITLE** MUST BE TRANSFERRED **IMMEDIATELY** INTO THE NEW OWNER'S NAME. CAUTION: **$100** FINE OR 30 DAYS IMPRISONMENT FOR ACCEPTANCE OR DELIVERY OF EACH CERTIFICATE OF TITLE ASSIGNED IN BLANK. **TAG** REGISTRATION **MUST BE TRANSFERRED WITHIN 30 DAYS** OR OWNER WILL BE SUBJECT TO **FINE** OF UP TO **$100.** NEW VEHICLES MUST BE REGISTERED WITHIN 30 DAYS OF THE DATE OF PURCHASE. OWNER MUST COMPLETE ALL SPACES IN FULL. DO NOT USE RED INK. **NOTICE:** ANY ALTERATION VOIDS THIS TITLE.

## ASSIGNMENT AND WARRANTY OF TITLE BY OWNER

TO BE COMPLETED BY SELLER and delivered with the vehicle to the purchaser. Effective July 1, 2008, an application for new Certificate of Title must be made by purchaser on title application form and filed within 30 days of date of purchase in order to avoid $10.00 penalty. If the vehicle described hereon is junked or dismantled, this Certificate of Title must be returned to the Motor Vehicle Division within 72 hours. FEDERAL and State Law requires that you state the odometer reading in connection with transfer of ownership. Failure to complete ODOMETER STATEMENT OR providing a FALSE STATEMENT may result in fines and/or imprisonment. The undersigned hereby sells, assigns or transfers the vehicle described on the face of this certificate to:

**ALL BLOCKS MUST BE COMPLETED ACCURATELY. SUBMIT SIGNED & NOTARIZED AFFIDAVITS EXPLAINING ANY ERRORS.**

PURCHASER'S LEGAL NAME
STREET OR R.F.D. NO.
CITY, STATE & ZIP CODE     COUNTY OF RESIDENCE
DATE OF SALE/TRANSFER

Any alteration or erasure of date of sale will result in a $10.00 Penalty Fee.

"I/we certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked."

**NOTICE TO BUYER**

*CAUTION: READ CAREFULLY BEFORE YOU CHECK A BLOCK

ODOMETER READING    NO TENTHS
☐ 1. The odometer reading stated is in excess of its mechanical limits
☐ 2. The odometer reading is NOT the actual mileage.    **WARNING: ODOMETER DISCREPANCY**

I/WE WARRANT THAT SAID VEHICLE IS FREE OF ALL SECURITY INTERESTS, LIENS OR ENCUMBRANCES EXCEPT AS NOTED BELOW:

Transferor's (SELLER'S) Printed Name
Transferee's (BUYER'S) Printed Name
Transferor's (SELLER'S) Signature X
Transferee's (BUYER'S) Signature X

## DEALER (COMPLETE ALL SPACES IN FULL)    DO NOT USE RED INK

I/WE WARRANT THAT SAID VEHICLE IS FREE OF ALL SECURITY INTERESTS, LIENS OR ENCUMBRANCES EXCEPT AS NOTED BELOW. We also warrant this Title and certify that the vehicle described herein has been transferred to the following:

**1st DEALER'S ASSIGNMENT**

Purchaser's Legal Name    Purchaser's Address    County of Residence
Dealer's Permanent ID Number or Dealer's Master Tag Number    Unauthorized use may lead to prosecution    Registered Dealer's Name

"I/we certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked."

ODOMETER READING    NO TENTHS
☐ 1. The odometer reading stated is in excess of its mechanical limits
☐ 2. The odometer reading is NOT the actual mileage.    **WARNING: ODOMETER DISCREPANCY**
Date of Sale/Transfer

Transferor's (SELLER'S) Printed Name
Transferee's (BUYER'S) Printed Name
Transferor's (SELLER'S) Signature X
Transferee's (BUYER'S) Signature X

**2nd DLR. ASSIGNMENT**

Purchaser's Legal Name    Purchaser's Address    County of Residence
Dealer's Permanent ID Number or Dealer's Master Tag Number    Unauthorized use may lead to prosecution    Registered Dealer's Name

"I/we certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked."

ODOMETER READING    NO TENTHS
☐ 1. The odometer reading stated is in excess of its mechanical limits
☐ 2. The odometer reading is NOT the actual mileage.    **WARNING: ODOMETER DISCREPANCY**
Date of Sale/Transfer

Transferor's (SELLER'S) Printed Name
Transferee's (BUYER'S) Printed Name
Transferor's (SELLER'S) Signature X
Transferee's (BUYER'S) Signature X

**3rd DLR. ASSIGNMENT**

Purchaser's Legal Name    Purchaser's Address    County of Residence
Dealer's Permanent ID Number or Dealer's Master Tag Number    Unauthorized use may lead to prosecution    Registered Dealer's Name

"I/we certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked."

ODOMETER READING    NO TENTHS
☐ 1. The odometer reading stated is in excess of its mechanical limits
☐ 2. The odometer reading is NOT the actual mileage.    **WARNING: ODOMETER DISCREPANCY**
Date of Sale/Transfer

Transferor's (SELLER'S) Printed Name
Transferee's (BUYER'S) Printed Name
Transferor's (SELLER'S) Signature X
Transferee's (BUYER'S) Signature X

## LIEN OR SECURITY INTEREST HOLDER TO BE RECORDED ON NEW TITLE

The lien/security interest holder must be shown on the title application

**LIEN**

LIEN/SECURITY INTEREST HOLDER'S Name
LIEN/SECURITY INTEREST HOLDER'S Address

ATTN: DEALERS AND DISTRIBUTORS. Retain a copy of front and back of this document. Retention period: 3 Years.

**NOTICE: ANY ALTERATION OR ERASURE VOIDS THIS TITLE**



### CERTIFICATE OF ORIGIN FOR A VEHICLE

# TRIUMPH

DATE: 10/20/10
INVOICE NO.: 40119635
VEHICLE IDENTIFICATION NO.: SMTB00TL5AJ438749
YEAR: 2010
MAKE: TRIUMPH
BODY TYPE: MOTORCYCLE
SHIPPING WEIGHT: 718.00 LBS
H.P. (S.A.E.): 85
G.V.W.R.: 1256.00 LBS
NO. CYLS.: 2 (1599cc)
SERIES OR MODEL: Thunderbird

I, the undersigned authorized representative of the company, firm or corporation named below, hereby certify that the new vehicle described above is the property of the said company, firm or corporation and is transferred on the above date and under the Invoice Number indicated to the following distributor or dealer.

NAME OF DISTRIBUTOR, DEALER, ETC.

Florida Motor Sports Inc
2463 Greer Road
Tallahasse
FL
32309

It is further certified that this was the first transfer of such new vehicle in ordinary trade and commerce.

TRIUMPH MOTORCYCLES (AMERICA) LTD

BY: _Elsa Rodriguez_ (AGENT)
(SIGNATURE OF AUTHORIZED REPRESENTATIVE)

385 WALT SANDERS MEMORIAL DRIVE SUITE 100
NEWNAN, GA 30265
CITY - STATE

TRI123643

| | | |
|---|---|---|
| DISTRIBUTION-DEALER ASSIGNMENT NUMBER 1 | Each undersigned seller certifies to the best of his knowledge, information and belief under penalty of law that the vehicle is new and has not been registered in this or any state at the time of delivery and the vehicle is not subject to any security interests other than those disclosed herein and warrant title to the vehicle. FOR VALUE RECEIVED I TRANSFER THE VEHICLE DESCRIBED ON THE FACE OF THIS CERTIFICATE TO: NAME OF PURCHASER(S) GARMON, EDITH M. ADDRESS 503 REMMINGTON AVE THOMASVILLE GA 31792 I certify to the best of my knowledge that the odometer reading is _____ BY: DEALER FLORIDA MOTORSPORTS  VF11342  Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn before me on this date 2/16/2011 State of FLORIDA County of LEON USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION | KENT E. JOHNSON Commission # DD 989604 Expires May 9, 2014 Bonded Thru Troy Fain Insurance 800-385-7019 No Tenths |
| DISTRIBUTION-DEALER ASSIGNMENT NUMBER 2 | NAME OF PURCHASER(S) _____ ADDRESS _____ I certify to the best of my knowledge that the odometer reading is _____ BY: DEALER _____ Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn before me on this date _____ State of _____ County of _____ USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION | Notary Public |
| DISTRIBUTION-DEALER ASSIGNMENT NUMBER 3 | NAME OF PURCHASER(S) _____ ADDRESS _____ I certify to the best of my knowledge that the odometer reading is _____ BY: DEALER _____ Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn before me on this date _____ State of _____ County of _____ USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION | No Tenths Notary Public |
| DISTRIBUTION-DEALER ASSIGNMENT NUMBER 4 | NAME OF PURCHASER(S) _____ ADDRESS _____ I certify to the best of my knowledge that the odometer reading is _____ BY: DEALER _____ Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn before me on this date _____ State of _____ County of _____ USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION | No Tenths Notary Public |
| ODOMETER DISCLOSURE FOR RETAIL SALE | Federal Law requires you to state the odometer mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment. I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked. Odometer Reading _____ No Tenths. ☐ The mileage stated is in excess of its mechanical limits. ☐ The odometer reading is not the actual mileage. Signature(s) of Seller(s) _____ Date of Statement _____ Date of Sale _____ Printed Name(s) of Seller(s) _____ Dealer's No. _____ Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn before me on this date _____ Signature of Purchaser(s) _____ Printed Name(s) of Purchaser(s) _____ Company Name (If Applicable) _____ State of _____ County of _____ Address of Purchaser(s) _____ USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION | WARNING ODOMETER DISCREPANCY Notary Public |
| LIENHOLDER | 1st lien in favor of FreedomRoad FINANCIA, 36-4309435 whose address is P.O. BOX 18218    RENO    NV 89511 2nd lien in favor of _____ whose address is _____ | REV 4-99 |



# PROMISSORY NOTE — DISCLOSURE AND SECURITY AGREEMENT

**FreedomRoad Financial**
LENDER — A DIVISION OF EVERGREEN PRIVATE BANK

**BORROWER(S)**

NAME    GARMON, EDITH M.

NAME    GARMON, JOSEPH M.

DEALER    FLORIDA MOTORSPORTS
          2463 Greer Road Tallahassee, FL 32308

ADDRESS    503 REMMINGTON AVE
           THOMASVILLE GA 31792

ADDRESS    116 BROOKWOOD DRIVE
           THOMASVILLE GA 31792

ADDRESS

## DESCRIPTION OF MOTOR VEHICLE PURCHASED:

| New or Used | Year | Make and Model | Vehicle Identification Number | Use For Which Purchased |
|---|---|---|---|---|
| ☐ New ☐ Used | 10 | TRIUMPH T-BIRD | SMTB00TL5AJ428749 | ☒ Personal ☐ Business |

### TRUTH-IN-LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 7.990 % | $ 4,742.30 (e) | $ 15,358.82 | $ 20,101.20 (e) |

(e) means an estimate

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are Due Monthly Beginning |
|---|---|---|
| 84 | 239.30 | March 18, 2011 |

**Security:** You are giving Us a security interest in the Motor Vehicle being purchased.
**Late Charge:** If a payment is more that 10 days late, You will be charged five percent (5%) of the full amount of the scheduled payment.
**Filing Fee:** $ N/A
**Prepayment Charge:** If You pay off early, You will not have to pay a penalty, and will not be entitled to a refund of a part of the finance charge.
See Your contract documents for any additional information about nonpayment, default, any required prepayment in full before the scheduled date, and prepayment penalties.

### ITEMIZATION OF AMOUNT FINANCED

1. Cash Sale Price (including any accessories, extras, services, and taxes) ........................................... $ 15,286.92 (1)
2. Total Downpayment = Net Trade-in $ N/A    + Cash Downpayment $ N/A ........................... $ N/A (2)
   Your Trade-in is a _____
3. Unpaid Balance of Cash Price (Amount paid on Your Account) (1 minus 2) paid to dealer ............ $ 15,286.92 (3)
4. Amounts Paid to Others on Your Behalf:
   A. To: Credit Insurance Company (single life) .................................. $ N/A *
   B. To: Credit Insurance Company (joint life) ................................... $ N/A *
   C. To: Accident and Health Insurance Company .............................. $ N/A
   D. To: Public Officials For Title, License, Lien Fee and Registration Fees (Itemize) ......... $ 71.90
   E. Other Charges (Identify Who Must Receive Payment and Describe Purpose)
      To: _____ For Service Contract ................ $ N/A *
      To: _____ For Debt Cancellation Coverage ..... $ N/A *
      To: _____ For: _____ $ N/A *
      To: _____ For: _____ $ N/A
      Total Other Charges and Amounts Paid to Others on Your Behalf ............................................... $ 71.90 (4)
5. Prepaid Finance Charges:
   A. Loan Processing Fee .................................................................. $ N/A *
   B. Other: _____ $ N/A
   Total Prepaid Finance Charges ......................................................................................................... $ N/A (5)
6. Principal Amount (3 + 4 + 5) ............................................................................................................. $ 15,358.82 (6)
7. Amount Financed (6 minus 5) .......................................................................................................... $ 15,358.82 (7)

*Dealer may share in or receive a portion of these amounts.

CHARGE.

**CREDIT INSURANCE DISCLOSURE:** YOU ARE REQUESTING CREDIT INSURANCE INDICATED HEREIN. YOU AGREE THAT IT IS NOT REQUIRED AS A CONDITION OF THIS LOAN. Please review the information provided by the insurer for more detail concerning the terms and conditions. Please check the appropriate box(es) and sign below if You wish to purchase insurance:

☐ Single Credit Life Insurance (Borrower only)   ☐ Credit Disability Insurance (Borrower only)
☐ Joint Credit Life Insurance
Insurer(s): _____
Address: _____
Credit Life:         Term: _____   Premium $ __N/A__         Joint Credit Life:   Term: _____   Premium $ __N/A__
Credit Disability:  Term: __0__   Premium $ __N/A__         Other: _____          Term: _____   Premium $ __N/A__

X _____   _____     X _____   _____
     Borrower                          Date                    Co-Borrower                     Date

**OPTIONAL GUARANTEED AUTO PROTECTION DISCLOSURE:** YOU ARE REQUESTING GAP COVERAGE INDICATED HEREIN. YOU AGREE THAT IS NOT REQUIRED AS A CONDITION OF THIS LOAN AND THAT YOU MAY PURCHASE IT FROM ANY COMPANY YOU WANT WHICH IS AUTHORIZED TO SELL SUCH COVERAGE AND IS ACCEPTABLE TO US. If You wish to purchase Gap coverage under this Agreement and You agree to pay the additional cost for the coverage, please sign below.
I request Gap coverage and agree to pay the additional cost of $ __N/A__
The Gap company is _____ at _____
                    Name of company                    Office Address

X _____   _____     X _____   _____
     Borrower                          Date                    Co-Borrower                     Date

**PROPERTY INSURANCE:** You understand that You are required to purchase property insurance on the Motor Vehicle. You can buy this insurance through any person of your choosing acceptable to Us. (please see reverse side for what could happen if You do not maintain such insurance.)
**PROMISE TO PAY:** You promise to pay to the order of FreedomRoad Financial, the Principal Amount (shown above) plus interest at the Contract Rate from the date You sign this Agreement and continuing until Your loan is paid in full. You agree to make regular monthly payments in accordance with the payment schedule shown above. You may prepay all or any part of the unpaid principal balance without paying any penalty. If You prepay, will not refund to You any portion of the finance charge. If we have not received the full amount of any payment by the end of ten (10) calendar days after due, You may be required to pay a late charge equal to five percent (5%) of the full amount of the scheduled payment. If any payment under this Agreement is made with a check or other instrument that is dishonored for any reason, You agree to pay Us a returned check fee of Twenty-five dollars ($25) in addition to any other amounts or charges You may owe Us. Interest will be charged on a daily basis of 1/365 beginning on the date You sign this Agreement to purchase or refinance the Motor Vehicle described above and continuing until the full amount of the principal balance has been paid. This means the amount of interest You pay will be less if You make your payments early and more if You pay late.
**ADDITIONAL TERMS AND CONDITIONS.** Please see the reverse side for additional terms and conditions. You are bound by these terms in the same manner as if they were printed on the front.
**SIGNATURE.** By signing below, You agree to all of the terms of this Agreement and request Us to issue the proceeds of this Note. You acknowledge receipt of a copy of this Agreement.
**NOTICE TO COSIGNER.** You are being asked to guarantee this debt. As a co-signer You are responsible for paying the entire debt. If the borrower does not pay the debt, You will have to. Be sure You can afford to pay if You have to and that You want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs which increases this amount. FreedomRoad Financial can collect this debt from You without first trying to collect from the borrower. FreedomRoad Financial can use the same collection methods against You that can be used against the borrower, such as suing You, garnishing Your wages, etc. If this debt is ever in default, that fact may become a part of Your credit record. This notice is not the contract that makes You liable for the debt.

**NOTICE TO CONSUMER.** (1) Do not sign this Agreement before You read it; (2) You are entitled to a copy of the Agreement; (3) You may, at any time, prepay the unpaid balance of this Agreement.

**CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE ENTIRE CONTRACT BEFORE YOU SIGN IT**

_____   8/15/2011        _____   8/15/2011
Borrower's Signature            Date              Borrower's Signature          Date

_____   _____
Borrower's Signature            Date

FR020107

White - Original - FreedomRoad    Canary - FreedomRoad Copy    Pink - Dealer Copy    Gold - Borrower Copy

## ADDITIONAL TERMS AND CONDITIONS

**1. DEFINITIONS.** "You" or "Your" means each borrower and each other person or entity who agrees to pay this Note and therefore agrees to the terms of this Note. "We" or "Us" means FreedomRoad Financial and its parent Evergreen Private Bank, collectively referred to as the Lender and its successors and assigns. The terms, "Contract," "Agreement," "Loan," and "Note" are used interchangeably.

**2. APPLICABLE LAWS.** The laws of the state where the Lender's lien has been recorded applies as to matters regarding the Lender's security interest in the Motor Vehicle. The laws of the United States, and as to the rate of interest and other related fees due and owing under this Agreement, the laws of the State of Illinois shall apply.

**3. OWNERSHIP AND RISK OF LOSS.** You agree to pay the Lender all You owe under this Contract even if the Motor Vehicle is damaged, destroyed or missing. You agree to keep the Motor Vehicle in good condition and repair. You agree not to remove the Motor Vehicle from the United States, and not to sell, rent, lease or otherwise transfer any interest in the Motor Vehicle or this Contract without the Lender's express written permission. You agree to protect the Motor Vehicle from claims of third persons. You agree not to expose the Motor Vehicle to misuse or confiscation. You will make sure the Lender's security interest is perfected and a lien on the Motor Vehicle is shown on the title, or other documentation acceptable to the Lender. You agree to provide all acts, things and writings as the Lender may at any time request to protect or enforce its rights in the Motor Vehicle and other collateral. You will not do anything to defeat the Lender's lien. If the Lender pays any repair bills, storage costs, taxes, fines, DMV fees or other charges on or for the Motor Vehicle, (although the Lender is not required to do so on Your behalf) You agree to repay the amount when the Lender asks for it.

**4. SECURITY INTEREST.** You grant the Lender a purchase money security interest in the Motor Vehicle stated on the front of this Contract and any of the following items that are purchased and financed in connection with this Contract: a) any accessories, equipment, and replacement parts installed on the Motor Vehicle; b) any insurance premiums and charges for service or GAP products returned to the Lender; c) any proceeds of insurance policies, service or GAP products on the Motor Vehicle; and d) any proceeds of insurance policies on Your life or health which are financed through this Contract. The purchase money security interest is in addition to any other security interest or lien the Lender holds or which you are required to provide as a condition of the Note. This secures payment of all amounts You owe on the Contract and on any transfer, renewal, or extension of this Contract. It also secures Your other agreements in this contract. To the extent permitted law, the Collateral under this Contract also secures Your other obligations to the Lender, whether now owning or incurred hereinafter.

**5. REQUIRED PHYSICAL DAMAGE INSURANCE.** You agree to have physical damage insurance covering loss or damage to the Motor Vehicle for the term of this Agreement, showing the Lender as additional insured and loss payee." At any time during the term of this Agreement, if You do not have physical damage insurance which covers both interests in the Motor Vehicle, We may, if We decide, buy insurance which covers our interest only. We are under no obligation to buy insurance, but may do so if We desire. If We buy either of these coverages, We will let You know what type it is and the charge you must pay. We may either ask for immediate reimbursement from You for the cost of such insurance or may add the insurance premium to the unpaid principal amount on this Agreement. If the insurance premium is added to the unpaid principal amount of this Agreement, interest will be charged on the insurance premium at the Annual Percentage Rate disclosed in this Agreement, and You agree to pay the insurance premium with interest in equal installments along with the payments shown on the payment schedule. You understand and agree that if We purchase any physical damage insurance, We will be acting in our interest only. You further understand and agree that the purchased insurance will not contain any liability coverages, will only cover our interest in the Motor Vehicle, may have deductible amounts different

**9. DEFAULT.** You will be in default under the Note or other parts of the Agreement if any one or more of the following events occurred: 1) You fail to make a monthly payment within ten (10) days of its due date or any other payment when due; 2) You provide Us false or misleading information in connection with this loan; 3) You die or are declared incompetent; 4) You fail to pay or keep any other promise or any other loan You may have with Us; 5) the Motor Vehicle is damaged or stolen; 6) You breach any agreement or covenant in this Agreement.

**10. FAILURE TO PAY OR KEEP PROMISES AS REQUIRED.** If You do not pay Us as agreed or You are otherwise in default or if an event occurs which substantially reduces the value of the Motor Vehicle which materially impairs Your prospects to pay under this Agreement, We may, at our option, declare the entire unpaid principal amount to be immediately due and owing. You will, following such event, at our request, deliver the Motor Vehicle to a place We designate which is reasonably convenient to both You and Us.

**11. CREDIT REPORTING.** You agree that We may request a consumer credit report in connection with Your application and in connection with an update, renewal, or extension of the credit for which the application is made.

**12. INTEGRATION AND SEVERABILITY.** This agreement contains the entire agreement between You and Us. If any part of this agreement is invalid, all other parts of the agreement will remain valid.

**13. NON-WAIVER.** You agree not to send Us partial payments marked "paid in full", "with prejudice", "without recourse" or any similar restrictive endorsements. If you send these items or complaints to our lockbox or address specified for payment, they shall not be deemed received and the endorsement will not be effective against Us even though We cashed the checks on which such endorsements are contained.

**14. NOTICE OF LIMITED AGENCY.** The dealer has no authority to approve or to make this loan. The dealer is not our agent in connection with the sale of the Motor Vehicle You are purchasing with the proceeds of this loan. The dealer is only authorized to prepare the loan documents and to obtain Your signatures.

**15. CUSTOMER INDENTIFICATION NUMBER (CIP).** Pursuant to requirements of law, including the USA PATRIOT Act, We are obtaining information and will take necessary actions to verify Your identity.

**16. REPOSSESSION OF THE MOTOR VEHICLE FOR FAILURE TO PAY.** If You fail to pay according to the payment schedule or if You break any of the agreements in this Agreement (default), We can take the Motor Vehicle from You (repossession) subject to any right to cure default You may have. To take the Motor Vehicle, We can go on Your land or anywhere the Motor Vehicle is located so long as it is done peacefully. If there are any personal belongings in the Motor Vehicle such as clothing, furniture, and tools, We may store the items. However, We do not have to store them and will not be responsible for the items beyond what the law may require. Any accessories, equipment or replacement parts will remain with the Motor Vehicle.

**17. GETTING THE MOTOR VEHICLE BACK AFTER REPOSESSION.** If We repossess the Motor Vehicle, then at least 15 days before selling the Motor Vehicle We will send to You a notice of sale disclosing that You have the right to redeem the Motor Vehicle by paying the accelerated balance and other costs of repossession. Under certain circumstances, You may have the right to reinstate the account by paying past due payments plus any late charges, the cost of taking and storing the Motor Vehicle and other expenses that We have or our assignee has had. We will use the net proceeds of the sale to pay all or part of Your debt. If You owe less than the net proceeds of sale, We will pay You the difference, unless We are required to pay it to someone else. For example, We may be required to pay a lender who has given You a loan and also taken a security interest in the Motor Vehicle. If You owe more than the net proceeds of sale, You will pay Us the difference between the net proceeds of the sale and what You owe when We ask for it. If You do not pay this amount when asked, We will

than those provided by Our standard... at a may site... more extensive than equivalent insurance which You could buy on Your own. You agree that We can purchase such insurance with coverage which will be retroactive to the date Your insurance terminated. You understand and agree that We may receive compensation or reimbursement in connection with such insurance. If the Motor Vehicle is lost or damaged, You agree that We can use any insurance settlement to repair the Motor Vehicle or to apply to Your debt, at our sole and absolute discretion.

**6. INSURANCE OR SERVICE PLAN OR REPAIR PLAN CHARGES RETURNED TO US.** If any charge for required insurance is returned to Us, it may be credited to Your account or used to buy similar insurance or insurance which covers only our interest in the Motor Vehicle. Any refund on optional insurance or service/repair plan obtained by Us will be credited to Your account. Credits to Your account will be in the same manner as payments. You will be notified of what is done.

**7. DISHONORED CHECK CHARGE.** We may charge you a $25 Fee for the return by a depository institution of a dishonored check, negotiable order of withdrawal or share draft issued in connection with any payment due under this Contract.

**8. DELAY IN ENFORCING RIGHTS; CHANGES TO THIS CONTRACT.** The Lender can delay or refrain from enforcing any of its rights under this Agreement without losing them. For example, We may extend the time for making some payments without extending others. You agree to be bound by any document provided by Us that changes the terms and conditions of this Agreement due to state or federal law requirements. Any change in the terms or conditions of this Agreement must be in writing and signed by the Lender. No oral changes are binding.

charge incurred by Us. If You have wrongfully damaged the Motor Vehicle, You will be liable to Us for the damages.

**18. ATTORNEY FEES AND COLLECTION COSTS.** To the extent permitted by applicable law, if We hire an attorney other than our salaried employee to collect what You owe, You agree to pay our reasonable attorney's fees, including any incurred in connection with any bankruptcy or appellate proceeding, and any court costs and out of pocket expenses, whether or not the suit is filed, plus interest on such sums at the highest rate allowed by law.

**19. WARRANTY DISCLAIMER.** You understand that the Lender is not offering any warranties and that there are no implied warranties of merchantability, of fitness for a particular purpose, or any other warranties, expressed or implied by the Lender, covering the Collateral.

Notice: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE BORROWER COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE BORROWER SHALL NOT EXCEED AMOUNTS PAID BY THE BORROWER HEREUNDER.